UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
January 9, 2013

_____
In re
  John Mead,           Chapter 7
    Debtor.           Case # 12-10415
_____
Raymond J. Obuchowski, Trustee, and
Axelrod & Adler, PLLC,
    Plaintiffs,          Adversary Proceeding
v.                   # 12-1019
Hugh E. McGovern and
John Mead,
    Defendants.
_____

| Appearances: | Raymond J. Obuchowski, Esq. | James V. McFaul, Esq. |
|---|---|---|
|  | Bethel, VT | St. Johnsbury, VT |
|  | Chapter 7 Trustee | For Hugh E. McGovern |
|  | Susan J. Steckel, Esq. | Erik Valdes, Esq. |
|  | Marshfield, VT | Newport, VT |
|  | For Axelrod & Adler, PLLC | For the Debtor |

**MEMORANDUM OF DECISION**
**GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

  The Defendants have filed a motion for summary judgment seeking a determination whether Defendant McGovern's mortgage is a valid lien against the Debtor's real property. For the reasons set forth below, the Court finds no material facts are in dispute, summary judgment is proper, and Mr. McGovern's mortgage is a valid lien on the Debtor's property. Therefore, the Court grants the Defendants' motion for summary judgment.

**JURISDICTION**

  This Court has jurisdiction over this adversary proceeding and the instant motion for summary judgment pursuant to 28 U.S.C. §§ 157 and 1334 and declares them to be core proceedings under 28 U.S.C. § 157(b)(2)(K).

1

## PROCEDURAL HISTORY

Debtor John Mead filed a voluntary chapter 7 petition on May 10, 2012 (ch 7 # 12-10415, doc. # 1). On August 7, 2012, Axelrod & Adler, PLLC, and the chapter 7 Trustee filed a complaint initiating this adversary proceeding against Defendant Hugh E. McGovern, seeking a determination that the Defendant's mortgage was invalid pursuant to 11 U.S. C. § 506 and avoidable pursuant to 11 U.S.C. § 544(a) (AP # 12-1019, doc. # 1).[1] On September 27, 2012, the Court granted the Debtor's motion to intervene as a party Defendant (doc. # 10).

On November 6, 2012, Defendant McGovern filed a motion for summary judgment, seeking a determination whether his mortgage is a valid lien against the Debtor's real property (doc. # 12). The Debtor consented to the motion on November 20, 2012, which this Court treats as a joinder. On November 27, 2012, the Plaintiffs filed papers in opposition to the motion for summary judgment and requested oral argument (doc. # 13).

On December 11, 2012, the Court held oral argument on the Defendants' motion for summary judgment, at which Susan J. Steckel appeared on behalf of Plaintiff Axelrod & Adler, James V. McFaul appeared on behalf of Defendant McGovern, and Erik Valdes appeared on behalf of the Debtor. The parties presented their respective arguments, focusing on the issue of whether there were any material facts in dispute that would preclude entry of summary judgment. Pursuant to the Court's authorization at the hearing, Defendant McGovern filed a supplemental affidavit the next day (doc. # 17).

The Court then took the matter under advisement.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing that no genuine issue of material fact exists. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies those facts that are material; only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. Id. In making its determination, the court's sole function is to determine

---

[1] All citations to the docket refer to AP # 12-1019, unless otherwise noted.

2

whether there is any material dispute of fact that requires a trial. Id. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006).

## UNDISPUTED MATERIAL FACTS

Based upon the record in this case and adversary proceeding, and pursuant to Vt. LBR 7056-1(a)(3),[2] the Court finds the following facts to be material and undisputed.

On March 19, 2003, when Judy Mead was the Debtor's spouse, Ms. Mead signed a document entitled "Purchase and Sale Agreement" (the "PSA") as the buyer (doc. ## 12-1, ¶ 1; 12-2; 13-1, ¶ 1; 13-2, ¶¶ 5–7). The PSA acknowledges that the buyer was purchasing 100 head of dairy cattle from the seller, Hugh E. McGovern, for a price of $110,000 (doc. ## 12-1, ¶ 1; 12-2; 13-1, ¶ 1). The PSA states that "[a]s security for said obligation Buyer shall execute . . . a Second Mortgage against a certain parcel of land containing 95 acres, more or less, with buildings thereon, as conveyed by Bonneau and Fournier to John Mead and Judy Mead by deed recorded at Pages 314–315 of the Land Records of the Town of Coventry, Vermont" (doc. ## 12-1, ¶ 2; 12-2; 13-1, ¶ 2).

On the same date, Ms. Mead and the Debtor signed a document entitled a "Mortgage Deed (Second)" granting a mortgage to Mr. McGovern on "a certain piece of land in the Town of Coventry . . . Being a parcel of land containing 95 acres, more or less, which is all and the same as conveyed by Donald Bonneau and Dennis Fournier, sole general partners of D & D Logging, a Vermont general partnership, to John Mead and Judy Mead, husband and wife, by Warranty Deed dated August 10, 2000, and recorded in Book 37 at Pages 314–315 of the Land Records of the Town of Coventry, Vermont" (doc. ## 12-1, ¶ 3; 12-3; 13-1, ¶ 3; 13-2, ¶¶ 5–7). Based upon the PSA and mortgage deed, the property subject to the mortgage consists of the parcel of land, with buildings thereon, located in Coventry, Vermont, conveyed to Ms. Mead and the Debtor by Mr. Bonneau and Mr. Fournier on August 10, 2000 (see doc. ## 12-2; 12-3) (the "Property").[3] The mortgage deed states that it is conditioned upon the payment of a balance due on the purchase price of $110,000 for 100 dairy cows sold by the Grantee to the Grantors on or about November 9, 2002, in accordance with a PSA "of approximately even date herewith (doc. ## 12-1, ¶ 4; 12-3; 13-1, ¶ 4).

---

[2] Vt. LBR 7056-1(a)(3) provides that "[t]he respondent is deemed to have admitted all facts in the movant's statement of material undisputed facts except to the extent that party controverts them in a statement of disputed material facts." Accordingly, those facts not specifically controverted by the Plaintiffs' statement of disputed material facts are deemed admitted for the purposes of the instant motion for summary judgment.

[3] This is consistent with the joint stipulation of undisputed facts between Plaintiff Axelrod & Adler and the Debtor filed on January 9, 2013 (see ch 7 # 12-10415, doc. # 39, ¶¶ 2–5, 8–9, 21, 21(a)).

On May 27, 2003, the mortgage deed was recorded with the Coventry Town Clerk, the town in which the Property is located (doc. ## 12-1, ¶ 5; 13-1, ¶ 5). No separate promissory note was prepared or executed in connection with the $110,000 obligation to Defendant McGovern (doc. ## 12-1, ¶ 6; 13-1, ¶ 6). Rather, the PSA sets out the repayment terms; it provides that the $110,000 indebtedness would bear interest at 5% and would be paid at $1,000 per month beginning on May 25th, 2003 (doc. ## 12-1, ¶ 7; 13-1, ¶ 7). The PSA also says that these payments are

> to continue thereafter until this obligation is paid in full. Said payments shall be applied first as to interest and the balance as to principal. Buyer may make additional payments on said obligation at any time and Buyer may pay the balance in full at any time without penalty.

(doc. ## 12-1, ¶ 7; 12-2; 13-1, ¶ 7). During the course of 2003, Mr. McGovern received cash payments and gave credits totaling $87,100 on the balance owed on the PSA debt secured by the mortgage deed (doc. ## 12-1, ¶ 8; 13-1, ¶ 8).

In its opposition, the Plaintiff argues that there are five material facts in dispute that preclude entry of summary judgment. The Court will address each of those arguments.

First, the Plaintiffs assert there is a genuine dispute of material fact as to whether Ms. Mead signed the PSA and mortgage deed. The record does not support this assertion. Ms. Mead states in her affidavit that she did "not remember ever signing anything with Mr. McGovern in connection with [the Debtor's] purchase of the cattle at the time he got the cattle," and that she reviewed the PSA and mortgage deed and she did not remember signing them, they did not appear to have her signature on them, and she would have no reason to buy 100 or more cows (doc. # 13-2, ¶¶ 5–6). However, Mr. McGovern attached to the motion for summary judgment copies of the PSA and mortgage deed that include a signature that purports to be Ms. Mead's signature (doc. ## 12-2; 12-3), and Ms. Mead does not claim these are forged signatures. Rather, the strongest argument Ms. Mead makes in her affidavit is that if she did sign the documents (which she does not categorically deny), it would have been only to help out her then-spouse, the Debtor (doc. # 13-2, ¶ 7). The Court finds it compelling that (i) the Plaintiffs do not declare in either their complaint or their opposition to the motion for summary judgment either that Ms. Mead did not sign the PSA or mortgage deed or that her signatures on those documents are forgeries; and (ii) the mortgage deed is witnessed and notarized. Additionally, the Vermont U.C.C. provides that "[i]n an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." 9A V.S.A. § 3-308(a). The Plaintiffs' arguments are insufficient to constitute a specific denial of the signature. Accordingly, the Court finds there is no dispute that Ms. Mead signed either the PSA or the mortgage deed.

Second, the Plaintiffs argue that there is a dispute of fact about whether Judy Mead ever purchased any cows from Mr. McGovern. However, the Plaintiffs provide no evidence of this dispute. The only evidence addressing this issue is Ms. Mead's affidavit, but, as noted above, this affidavit falls far short of categorically denying that she purchased the cows. Instead, it merely states she does not recall entering the PSA and, if she did sign that document, that she would only have done so to help her husband (see doc. # 13-2, ¶¶ 5–7). The reason Ms. Mead signed the PSA is not material. The fact that she signed it is, and the Court finds the record insufficient to demonstrate there is an actual dispute on this point. Thus, the Court overrules the Plaintiffs' objection to summary judgment based upon this material fact allegedly being in dispute.

Third, the Plaintiffs assert that there is a question of material fact as to whether Mr. McGovern or McGovern Farms, Inc. owns the obligation. The only proof the Plaintiffs presented to demonstrate this alleged dispute is a copy of a notice of amount due that is printed on the corporate entity's letterhead (see doc. # 12-4, p. 5). This notice is of no legal significance as to ownership of the debt. The PSA and mortgage deed unequivocally identify Mr. McGovern individually as the owner of the debt (see doc. ## 12-2; 12-3). Therefore, the Court finds there is no dispute that Mr. McGovern owns the debt underlying the PSA and is the mortgagee on the mortgage deed.

Fourth, the Plaintiffs argue that there is a dispute of fact about whether Mr. McGovern attempted to enforce the mortgage in 2004. The Court finds this is not material to the Defendants' motion for summary judgment. Even assuming the Plaintiffs' assertion that Defendant McGovern did not attempt to enforce the mortgage from 2004 to 2012 to be true, this is not material because, as addressed below, the mortgage extends the statute of limitations period and thus any question of whether the statute of limitations for the PSA has expired does not preclude entry of summary judgment.

Finally, the Plaintiffs argue that the amount due on the mortgage is in dispute because (i) Mr. McGovern failed to give the Debtor proper credit for the return of 53 cows in December 2003; and (ii) the mortgage deed does not contain a future advances clause and neither the PSA nor the mortgage deed have been amended to include the $13,000 Mr. McGovern alleges is due for thirteen dairy cows the Debtor allegedly purchased in August 2003. However, the amount of the debt is not material to the instant motion. Even if true, the Plaintiffs' allegations do not preclude entry of summary judgment because the subject of this summary judgment motion is the validity of the mortgage lien, not the amount of the lien. The Court will address at a separate evidentiary hearing the amount due under the PSA and secured by the mortgage deed. As an addendum to this argument, the Plaintiffs hypothesize that, since the Debtor listed the liability to Mr. McGovern as an unsecured debt in his prior bankruptcy case, the Debtor is now

5

precluded from arguing it is a secured claim. This argument is without merit. Whether a claim is secured is determined by substantive law and listing a secured claim as an unsecured claim in a bankruptcy petition does not change its secured status.

For these reasons, the Court finds that there are no genuine issues of material fact in dispute and summary judgment is therefore proper.

## DISCUSSION

The Plaintiffs argue that the mortgage is invalid and may not be enforced because Defendant McGovern is unable to produce an original promissory note. Vermont Rule of Civil Procedure 80.1(b)(1) was amended in 2009 to provide that, with respect to a foreclosure complaint

> [t]he plaintiff shall attach to the complaint copies of the **original note** and mortgage deed and proof of ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed.

V.R.C.P. 80.1(b)(1) (2012) (emphasis added). However, when the instant mortgage was executed in 2003, Rule 80.1(b)(1) did not include this sentence; rather, it included only the prior sentence that

> [t]he complaint in an action for foreclosure shall set forth . . . the debt or claim secured by the mortgage, any attorney's fees claimed under an agreement in the mortgage or **other instrument evidencing indebtedness** . . . .

V.R.C.P. 80.1(b)(1) (2003) (emphasis added). There is nothing in this statute to indicate that it is retroactive or is intended to invalidate mortgages that were valid when executed. Therefore, the Court finds that the version of Rule 80.1 that applies is the version that existed at the time the mortgage deed was executed, which raises the question of whether the PSA is an "instrument evidencing indebtedness."

To determine if the PSA satisfies this statute, the Court next examines whether the PSA is a negotiable instrument. The pertinent provision of the Vermont Uniform Commercial Code ("Vermont U.C.C."), 9A V.S.A. § 3-104, provides, in relevant part, that a

> 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
> (1)   is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
> (2)   is payable on demand or at a definite time; and
> (3)   does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money . . .

9A V.S.A. § 3-104(a). Of additional relevance to the instant proceeding is 9A V.S.A. § 3-103, which provides that a

> '[p]romise' means a written undertaking to pay money signed by the person undertaking to pay. An acknowledgment of an obligation by the obligor is not a promise unless the obligor also undertakes to pay the obligation.

6

9A V.S.A. § 3-103(a)(9). The Vermont U.C.C. goes on, in 9A V.S.A. § 3-109, to provides that

> [a] promise or order that is not payable to bearer is payable to order if it is payable
> (i) to the order of an identified person or
> (ii) to an identified person or order.
>
> A promise or order that is payable to order is payable to the identified person.

9A V.S.A. § 3-109(b).

Here, the PSA is an unconditional promise by Ms. Mead to pay $100,000 to Mr. McGovern at 5% interest, which was owed to Mr. McGovern at the time the PSA was executed, is payable at a definite time, and does not state any other undertaking or instruction to do any act in addition to the payment of money. The parties acted in accordance with those terms: Ms. Mead and the Debtor made payments on the obligation, and Mr. McGovern received cash payments and gave credits toward the balance owed totaling $87,100 during the course of 2003. Accordingly, the Court finds as a matter of law that the PSA is an enforceable negotiable instrument.

The Plaintiffs argue that the PSA is invalid because it is not signed by Defendant McGovern. The Court finds nothing in the Vermont U.C.C. that requires the payee to sign a negotiable instrument in order for it to be enforceable, and the Plaintiffs have not cited any statutory or case law to the contrary.

The Plaintiffs also argue that the PSA is invalid because the statute of limitations has expired. The statute upon which the Plaintiffs rely, 9A V.S.A. § 2-725, provides that

> [a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

9A V.S.A. § 2-725(1). However, the statute of limitations for mortgages sets a longer time for enforcing liens and provides that "[a] person having right or title of entry into houses or lands shall not enter after fifteen years from the time such right of entry accrues." 12 V.S.A. § 502. In Huntington v. McCarty, the Supreme Court of Vermont found that

> [i]n the case of a promissory note secured by a mortgage . . ., the impetus of securing a debt with a mortgage is to provide the mortgagee with certain protections that the promissory note alone does not provide. Among these protections, to which both parties to a mortgage implicitly agree, is an extended statute of limitations which allows a mortgagee to enforce the debt beyond the life of the promissory note. In such a case, it is entirely within a defendant's 'reasonable expectations" . . . that they are bound to the terms of the mortgage for a period of fifteen years after the defendant defaulted on the mortgage.

Huntington v. McCarty, 174 Vt. 69, 72, 807 A.2d 950, 953 (Vt. 2002).

Here, where it has been fewer than fifteen years since the date the Debtor and Ms. Mead executed the mortgage deed and Ms. Mead executed the underlying negotiable instrument, the Court finds that the applicable statute of limitations has not run.

In connection with their argument with respect to the effect of the passage of time on the enforceability of the McGovern mortgage, the Plaintiffs also interpose the equitable argument that the PSA and mortgage deed are unenforceable based upon laches. This argument is moot based upon the Court's finding that the applicable statute of limitations period has not run.

## CONCLUSION

Having found that summary judgment is proper, the PSA is a valid negotiable instrument, and Mr. McGovern may enforce the mortgage deed, the Court finds the Defendants are entitled to judgment as a matter of law. Therefore, the Court grants the Defendants' motion for summary judgment, declares Mr. McGovern's mortgage to be a valid lien on the Property, and overrules all of the Plaintiffs' objections to the summary judgment motion.

This constitutes the Court's findings of fact and conclusions of law.

January 9, 2013  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

8